IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JONATHAN WORK,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>MONTANA DISTRICT COURT JUDGE HOLLY BROWN, ATTORNEY GENERAL OF THE STATE OR MONTANA,<br><br>　　　　Respondents. | Cause No. CV 22-71-BU-BMM<br><br>ORDER |

　　　State *pro se* petitioner Jonathan Work filed an application seeking habeas corpus relief on October 20, 2022, by delivering the application to prison authorities to forward to the Clerk of Court. (Doc. 1 at 13.) A document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk" according to the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Mr. Work filed a revised petition on October 27, 2022. (Doc. 4.) Mr. Work also filed a civil rights complaint under 42 U.S.C. § 1983 challenging his state court conviction and present incarceration. *See Work v. State of Montana, et al*., Cause No. CV-22-72-BU-BMM, Comp. (filed October 20, 2022).

　　　The Court is required to screen all actions brought by convicted persons who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or

1

portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Mr. Work's claims are unexhausted, and therefore, his petition is dismissed without prejudice.

## I. Motion to Proceed in Forma Pauperis

Mr. Work seeks leave of the Court to proceed in forma pauperis. (Docs. 2 & 5.) Although he has not provided a copy of his inmate institutional account statement for the last six months as required, (*see* Doc. 2. at 1, ¶ 1), there is no reason to delay this matter further. Mr. Work's motion is granted.

## II. Exhaustion

Mr. Work pled guilty to Stalking in Montana's Eighteenth Judicial District Court, Gallatin County. (Doc. 1 at 7–8; *see also* Doc. 4 at 2–3.) He was committed to the Department of Health and Human Services on February 18, 2020.[1] Mr. Work asserts that there are less serious offenses with which he could have been charged. (Doc. 4 at 6–7, 10–17.) Mr. Work also indicates that he was never served with a temporary order of protection that was filed prior to the Stalking charge. Mr.

---

[1] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3027436/ (accessed October 24, 2022). Mr. Work is currently in custody of the Montana State Prison.

2

Work maintains that he was mentally ill at the time of his change of plea. Judge Brown should not have accepted guilty plea and Mr. Work should have received a fair trial. (Doc. 1. at 8; *see also* Doc. 4 at 4, 7–8.) Mr. Work asserts he did not have the requisite mental state to be charged and/or convicted of Stalking. (Doc. 4 at 9.) He also states that the Montana Board of Pardons and Parole ("Parole Board") has unlawfully denied him release on parole since September of 2020. (Doc. 2 at 9.) Mr. Work asks this Court to immediately order his release from prison, drop all Stalking charges, and award him financial compensation for being incarcerated. (Doc. 4 at 17.)

Mr. Work makes passing reference to the denial of his rights. The majority of his petition appears to challenge state law provisions. This Court may entertain a habeas corpus petition only if he demonstrates that he is in custody in violation of the United States Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991) (federal habeas corpus relief does not lie for errors of state law). Errors of state law do not concern federal courts unless they rise to the level of a constitutional violation. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Mr. Work's current petition is not cognizable because he fails to identify a purported federal constitutional violation. To the extent that Mr. Work could identify a cognizable federal claim, such claim is presently unexhausted.

Mr. Work initially acknowledged that he had not presented any of his claims to the state courts, including the Montana Supreme Court, because he did not believe he would be treated fairly. (Doc. 1 at 6, 8-9.) In his revised petition, however, Mr. Work indicates he intends to file a habeas corpus petition with the Montana Supreme Court. (Doc. 4 at 20.) A review of the Montana Supreme Court docket shows that Mr. Work filed a state habeas petition on October 27, 2022. *See J. Work v. State*, OP 22-0613, Pet. (filed Oct. 27, 2022).

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," through the state's established procedures for appellate review,

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.; see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). A petitioner must meet all three prongs of the test in one proceeding. General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion. *Castillo v. McFadden*, 399 F. 3d 993 (2005).

Mr. Work must present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner to give the state courts the opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Mr. Work has not yet exhausted his available state court remedies. This Court cannot yet review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal will be **without prejudice**, allowing Mr. Work to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III.    Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a), Rules governing § 2254 Proceedings. A Certificate of Appealability ("COA") should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Work has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims are not cognizable and the petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no closed questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Work's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Mr. Work's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 2nd day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court